# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-60284
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

January 2, 2026

Lyle W. Cayce
Clerk

Luz Ilvea Garcia-Manzanares,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 140 808

————————————————

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Luz Ilvea Garcia-Manzanares, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal of an Immigration Judge's order that she be removed and denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We review the

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

denial of asylum and withholding claims for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under the substantial evidence standard, this court may not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *Id.* (internal quotation marks and citation omitted). Garcia-Manzanares has not made this showing.

The BIA's conclusion that her proposed particular social group (PSG) of Salvadoran women unable to leave their domestic relationships was not cognizable comports with our jurisprudence. *See Lopez-Perez v. Garland*, 35 F.4th 953, 958 (5th Cir. 2022); *Gonzales-Veliz v. Barr*, 938 F.3d 219, 232 (5th Cir. 2019). Her argument that these cases should not be followed under *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), fails. *Loper Bright* explained that, while it was overruling *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), it was "not call[ing] into question prior cases that relied on the *Chevron* framework," 603 U.S. at 412. Her argument grounded in *Loper Bright* is thus unavailing. *See id.* Because she shows no error in connection with the BIA's rejection of her proposed PSG, which is an essential element of asylum and withholding claims, these claims fail, and there is no need to consider her remaining arguments concerning them. *See Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693-94 (5th Cir. 2023); *Jaco,* 24 F.4th at 401.

In her opening brief, Garcia-Manzanares does not fully address the CAT issue, does not provide accurate record cites to the facts underlying it, and presents only a conclusory two-sentence argument concerning one element of the pertinent test. Accordingly, this issue is forfeited for want of adequate briefing. *See United States v. Stalnaker*, 571 F.3d 428, 439 & n.9 (5th Cir. 2009). The petition for review is DENIED.